```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------
OMA OPARAH,

               Plaintiff,        12 Cv. 8347 (JGK)(SN)

     - against -          MEMORANDUM OPINION &
                                                      ORDER
THE NEW YORK CITY DEPARTMENT OF
EDUCATION,

              Defendant.
------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The Court has received the Report and Recommendation of Magistrate Judge Netburn dated March 9, 2015. Magistrate Judge Netburn recommended that the Court grant the motion by defendant New York City Department of Education's motion to enforce an oral settlement agreement.

    The Court has reviewed the objections of pro se plaintiff Oma Oparah and the defendant's response. The Court has considered de novo the portions of the Report and Recommendation to which the plaintiff objects. See Fed. R. Civ. P. 72(b). The objections are without merit, and the defendant's motion to enforce the settlement agreement should be resolved as indicated in Magistrate Judge Netburn's thorough Report and Recommendation.

    The plaintiff unequivocally agreed on the record that he had settled all of his claims. July 16, 2014, Tr. at 5-6. Magistrate Judge Netburn set out the terms of the settlement and

the plaintiff agreed that he understood them and accepted them. Id. at 5.  Magistrate Judge Netburn then asked the plaintiff: "And you understand that by accepting these terms you are agreeing to be bound by the terms and you're entering an oral contract right now, do you understand that?"  Id. at 5-6.  The plaintiff responded: "Yes, I do."  Id. at 6.  There was no reservation or indication that the plaintiff did not intend to be bound by the oral agreement.  See Powell v. Omnicom, 497 F.3d 124, 129-31 (2d Cir. 2007).

The plaintiff nonetheless appears to assert three objections to the Report and Recommendation.

First, the plaintiff insists that the settlement agreement did not sufficiently compensate him for his injuries.  But Magistrate Judge Netburn explained that "the terms of the settlement agreement are a payment for $100,000 in exchange for a dismissal with prejudice of all claims."  July 14, 2014, Tr. at 4 (emphasis added).  The plaintiff and his then counsel represented that they understood and consented to the settlement agreement.  Id. at 5-6.  The plaintiff cannot now revoke his consent because he had a change of heart.  See, e.g., U.S. Fire Ins. Co. v. Pierson & Smith, Inc., No. 06cv382, 2007 WL 4403545, at *3 (S.D.N.Y. Dec. 17, 2007) (Report and Recommendation adopted) ("Where a party has entered into an oral agreement to settle, the party cannot avoid the settlement by refusing to

2

sign the papers that would memorialize the terms of the agreement that were reported to the court.").

Second, the plaintiff contends that he believed other terms would be memorialized in a written contract. The plaintiff, however, fails to identify what material issues were missing from the oral agreement. The plaintiff is upset that his employment records still state that he was terminated from his past position. But this argument is misplaced. The agreement did not provide for any alteration to his employment record. And thus far, the plaintiff has resisted the enforcement of the settlement agreement, and consequently the defendant was not required to provide the plaintiff a "neutral reference." July 14, 2014, Tr. at 5.

Finally, the plaintiff appears to allege that his attorney pressured him to accept the settlement agreement. However, after listening to the plaintiff and his attorney at a February 2015 conference, the Magistrate Judge correctly rejected the argument of duress. As Magistrate Judge Netburn explained, the plaintiff's assertion is "belied by his oral acceptance on the record at the July 16, 2014 settlement conference, his inability to elaborate at the February 24, 2015 conference, and his willingness to continue with his counsel's representation if the case were to proceed." Report and Recommendation at 14.

**CONCLUSION**

Therefore, the Court adopts the Report and Recommendation. The parties are directed to comply with the terms of the settlement as set forth at the July 16, 2014, conference. This case is dismissed with prejudice in accordance with the terms of settlement as set forth at the July 16, 2014, conference. The Court retains jurisdiction to assure that the terms of the settlement are enforced. The Clerk is **directed to enter judgment, to close this case, and to close all pending motions**. This case is subject to reopening in sixty (60) days if the parties do not complete the terms of the settlement within that time.

**SO ORDERED.**

**Dated:**   New York, New York
             July 10, 2015                    _____/s/_____
                                                   John G. Koeltl
                                              **United States District Judge**